**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Smith,<br><br>         Plaintiff,<br><br>v.<br><br>Tucson Unified School District, et al.,<br><br>         Defendants. | No. CV-25-00025-TUC-JGZ<br><br>**ORDER** |

In the pending Motion to Compel Testimony, Plaintiff seeks an Order compelling Defendant Zobella Vinik to answer pertinent questions at her deposition. (Doc. 71.) The Motion is fully briefed. (Docs. 72, 74.)  For the reasons below, the Court will grant the Motion.

**I.    Background**

When Plaintiff was a 15-year-old student at Tucson High School (THS), Plaintiff was sexually molested by Defendant Vinik, who was then serving as Plaintiff's school counselor. On August 17, 2023, Vinik pleaded guilty in Pima County Superior Court to Solicitation to Commit Sexual Conduct with a Minor (Position of Trust) and Child Abuse (Circumstances Not Likely to Cause Serious Death or Injury) in violation of A.R.S. §§ 13-1002, 13-1405, 13-3623(B)(3). (Doc. 72 at 2.) On September 23, 2023, the superior court suspended imposition of sentence and placed Vinik on concurrent terms of probation for a period totaling 15 years. (*Id.*) As a condition of probation, Vinik was required to serve 365

1    days in the Pima County Jail, which Vinik has done. (*Id.*)

2    In this action, Plaintiff asserts claims against Vinik for Assault and Battery (Second Claim), Intentional Infliction of Emotional Distress (Third Claim), and a Civil Rights violation (Fourth Claim). (Doc. 1-1.) Plaintiff asserts claims against TUSD for negligent duty to protect and negligent duty to report (First Claim), and Assault and Battery (Second Claim). (*Id.*) Plaintiff alleges that TUSD, through its agents and employees, had knowledge of the illicit sexual relationship and failed to take appropriate action to intervene and protect Jane Smith. (*Id.* at 6.)

On June 20, 2025, Vinik appeared for a deposition in this matter and asserted her Fifth Amendment privilege in response to certain unspecified questions. (Doc. 71 at 2.) Plaintiff requests that the Court compel Vinik to answer "pertinent questions at a deposition." (*Id.* at 4.)

**II.     Discussion**

The Fifth Amendment permits Vinik to refuse to testify or answer questions in proceedings, civil or criminal, formal or informal, where the answer *might* be incriminating in future criminal proceedings. *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984). "[T]he availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." *Application of Gault*, 387 U.S. 1, 49 (1967). "[W]here there can be no further incrimination, there is no basis for the assertion of the privilege." *Mitchell v. United States*, 526 U.S. 314, 326 (1999)*; see Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478 (1972) (stating "[i]t is well established that the privilege protects against real dangers, not remote and speculative possibilities."); *Milke v. City of Phoenix,* 325 F.Supp.3d 1008, 1012-13 (D. Ariz. 2018) (concluding a conviction was "final, such that the privilege does not apply, when an individual is no longer facing 'substantial and real . . . hazards of incrimination,'" and reasoning an individual convicted of a state offense could likely invoke privilege when he is pursuing his first petition for post-conviction relief). This "principle applies to cases in which the sentence has been

fixed and the judgment of conviction has become final." *Mitchell*, 526 U.S. at 326.

Applying the same rationale, courts have held that the privilege cannot be invoked to avoid disclosure of the details where incriminatory facts have been released without claiming the privilege. *See Matter of Seper,* 705 F.2d 1499, 1501 (1983). Whether further disclosure consists of "mere details" or evidence which would incriminate is determined by the same analysis: "admission of an incriminating fact may waive the privilege as to the details of that fact so long as they do not *further* incriminate." *Id.* (emphasis in original, internal citations omitted). "The privilege does not depend upon the *likelihood*, but upon the *possibility* of prosecution." *Id.* (emphasis in original). Incrimination includes testimony that might supply a "link" in a necessary chain of evidence. *Id.* The privilege is available if answer "could possibly" supply such a link. *Id.*

Defendant Vinik suggests that answering deposition questions would put her in jeopardy because her sentence is not discharged. (Doc. 72 at 2.) Whether her sentence is discharged is not determinative. *See Milke*, 325 F.Supp.3d at 1014 ("a judgment of conviction may be final despite the sentence not yet being fully executed." (citing *Mitchell*, 526 U.S. at 326, and *Reina v. United States*, 364 U.S. 507, 513 (1960))). What is determinative is whether providing the requested information could be incriminating to Vinik in future criminal proceedings. Vinik's state court conviction is final; she is not appealing the conviction or engaged in post-conviction relief proceedings which might be affected by answering deposition questions in the immediate case. And Vinik does not advance any argument or circumstances to suggest that deposition responses could put her suspended sentence in jeopardy. Although Vinik is on probation, providing information about her conviction-related conduct would not provide a basis for revocation of probation.

Vinik references two federal statutes, 18 U.S.C. §§ 2422(b) and 2423(b), and suggests that her responses to deposition questions could put her in jeopardy of prosecution under these statutes. (Doc. 72 at 5-6.) The first pertains to the use of mail or means of interstate commerce to persuade or coerce a minor to engage in sexual activity or prostitution. *See* Model Crim. Jury Instr. 9th Cir. 20.29 (2025). The second pertains to

travel with intent to engage in illicit sexual conduct and requires proof of travel in interstate commerce. *See* Model Crim. Jury Instr. 9th Cir. 20.30A (2025). Recent filings suggest Vinik and Plaintiff may have travelled out of state, but the details of this are unknown. If there is a possibility of prosecution under either statute,[1] Vinik could invoke her Fifth Amendment rights at deposition with respect to that conduct—at least to the extent that she has not already disclosed the incriminating acts in state court proceedings or otherwise, and she is questioned only about mere details relating to those disclosed facts. *Matter of Seper,* 705 F.2d at 1501 (stating that where incriminatory facts have been released without claiming the privilege, the privilege cannot then be invoked to avoid disclosure of the details.).

### III.     Questions at Deposition

In their filings, the parties do not identify the specific questions Vinik refused to answer. Plaintiff states that Vinik "refused to answer any questions relating to the case." (Doc. 71 at 2.) Vinik, through counsel, states Plaintiff declined to answer "every question posed which would elicit a privileged respon[se]." (Doc. 72 at 3.)

Now, in her Reply, Plaintiff states that, going forward, she does not intend to ask Vinik questions about sexual misconduct, and instead seeks to compel Vinik to answer questions "about conduct at [THS], public social activities, and activities directly observed or known by other counselors or employees of TUSD." (Doc. 74 at 4.) It is unlikely that answers to these questions would warrant invocation of the privilege because the information sought is not directly related to criminal conduct by Vinik and would not create a substantial and real harm of further incrimination.

//

---

[1] The Department of Justice has established guidelines for the exercise of discretion in determining whether to bring a federal prosecution based on substantially the same acts in a prior state proceeding. *See Rinaldi v. United States*, 434 U.S. 22, 27 (1977); *Petite v. United States*, 361 U.S. 529 (1960). "It is the general policy of the Federal Government that several offences arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions, a policy dictated by consideration both of fairness to defendants and of efficient and orderly law enforcement." *Petite*, 361 U.S. at 530. Under the Petite policy, the Justice Department does not "bring a federal prosecution following a state prosecution except when necessary to advance compelling interests of federal law enforcement." *Rinaldi*, 434 U.S. at 28.

### IV. Invocation of Rights

The only way the privilege can be asserted is on a question-by-question basis. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). An independent determination must be made to each question asked to "[d]etermine whether the answer to that particular question would subject the witness to a real danger of further incrimination." *In re Master Key Litigation*, 507 F.2d 292, 294 (9th Cir. 1974).

In light of the parties' dispute, Vinik's invocation of rights at the past deposition, and to efficiently resolve this discovery dispute, the Court will appoint United States Magistrate Judge Ambri to preside over Vinik's continued deposition and rule on objections regarding invocation of the Fifth Amendment, including compellig Vinik's responses where the answer to a particular question would not subject Vinik to a real danger of further incrimination.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Compel Testimony (Doc. 71) is **granted** to the extent stated herein. Plaintiff shall provide a copy of this Order to Defendant Vinik and her counsel.

**IT IS FURTHER ORDERED** this matter is referred to United States Magistrate Judge Michael A. Ambri to preside over the continued deposition of Defendant Vinik. Plaintiff and Vinik's counsel must jointly contact the chambers of Magistrate Judge Ambri within fourteen (14) days of the date of this Order to schedule a date for the deposition.

Dated this 14th day of August, 2025.

Jennifer G. Zipps
Chief United States District Judge